# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LARRY MAY, JOE KIMBROUGH,
CYNTHIA STOKES, RICHARD KING,
ANDREW WASHINGTON, JAMES DYSON
TANYA GLOVER, TIMOTHY ALLEN
ROBERT WILLIAMS, KIMBERLY GARZA
APRIL LEGREAIR, PATTI TURNER
RAVI YELAMANCHI, AURELIA MORGAN
MAURIA DAVIS HOWARD HILL, JR.,
BRUCE BACKER, GILBERTO GARZA
JAY LEWIS, JOHN HALL, TENEIA CLEMENT
TONYA TUCKER, ALFRED TEASLEY,
MARCUS WEISEMAN, LEMONT BOYD,
ROGER GREENWOOD, and HAROLD L. ROBINSON, SR.
Individuals,

CASE NO.: 4:21-cv-10911
HON. MATTHEW LEITMAN
MAG. JUDGE DAVID R. GRAND

     Plaintiffs,

v.

GREAT LAKES WATER AUTHORITY, A State Agency,
AFSCME LOCAL 2920, A Labor Union
LAKESHORE GLOBAL CORPORATION, A Michigan Domestic
Profit Corporation

     Defendants.

| | |
|---|---|
| JAN JEFFEREY RUBINSTEIN (P57937) <br> RYAN RICHARDVILLE (P77445) <br> THE RUBINSTEIN LAW FIRM <br> Attorney for Plaintiffs <br> 30150 Telegraph Road, Suite 444 <br> Bingham Farms, MI 48025 <br> (248) 220-1415 | AUDREY FORBUSH (P41744) <br> ROCHELLE CLARKE (P79054) <br> PLUNKETT COONEY <br> Attorneys for Defendant Great <br> Lakes Water Authority <br> 38505 Woodward Ave., Suite 100 <br> Bloomfield Hills, MI 48504 <br> (810) 342-7014/(810) 342-7020 <br> aforbush@plunkettcooney.com <br> rclarke@plunkettcooney.com |

## DEFENDANT, GREAT LAKES WATER AUTHORITY'S MOTION TO DISMISS IN LIEU OF ANSWER

NOW COMES Defendant, GREAT LAKES WATER AUTHORITY, by and through its attorneys, PLUNKETT COONEY, and for its Motion to Dismiss in lieu of an answer pursuant to Fed. R. Civ. P. 12(b)(1) and/or Fed. R. Civ. P. 12(b)(6), hereby relies upon the facts, law and argument set forth in the accompanying Brief.

Defense counsel contacted Plaintiff's counsel on August 18, 2021 via email correspondence and explained the nature of the instant motion and its legal basis. Concurrence was requested but not obtained.

WHEREFORE, Defendant, GREAT LAKES WATER AUTHORITY, respectfully request this Honorable Court grant its Motion to Dismiss together with such additional relief in Defendant's favor deemed just and proper.

Respectfully submitted,

*/s/ Rochelle Clarke*
AUDREY FORBUSH (P41744)
ROCHELLE CLARKE (P79054)
PLUNKETT COONEY
Attorneys for Defendant Great Lakes Water Authority
38505 Woodward Ave., Suite 100
Bloomfield Hills, MI 48504
(810) 342-7014/(810) 342-7020
aforbush@plunkettcooney.com
rclarke@plunkettcooney.com

Date: August 18, 2021

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LARRY MAY, JOE KIMBROUGH,
CYNTHIA STOKES, RICHARD KING,
ANDREW WASHINGTON, JAMES DYSON
TANYA GLOVER, TIMOTHY ALLEN
ROBERT WILLIAMS, KIMBERLY GARZA
APRIL LEGREAIR, PATTI TURNER
RAVI YELAMANCHI, AURELIA MORGAN
MAURIA DAVIS HOWARD HILL, JR.,
BRUCE BACKER, GILBERTO GARZA
JAY LEWIS, JOHN HALL, TENEIA CLEMENT
TONYA TUCKER, ALFRED TEASLEY,
MARCUS WEISEMAN, LEMONT BOYD,
ROGER GREENWOOD, and HAROLD L. ROBINSON, SR.
Individuals,

CASE NO.: 4:21-cv-10911
HON. MATTHEW LEITMAN
MAG. JUDGE DAVID R. GRAND

    Plaintiffs,

v.

GREAT LAKES WATER AUTHORITY, A State Agency,
AFSCME LOCAL 2920, A Labor Union
LAKESHORE GLOBAL CORPORATION, A Michigan Domestic
Profit Corporation

    Defendants.

| | |
|---|---|
| JAN JEFFEREY RUBINSTEIN (P57937) | AUDREY FORBUSH (P41744) |
| RYAN RICHARDVILLE (P77445) | ROCHELLE CLARKE (P79054) |
| THE RUBINSTEIN LAW FIRM | PLUNKETT COONEY |
| Attorney for Plaintiffs | Attorneys for Defendant Great |
| 30150 Telegraph Road, Suite 444 | Lakes Water Authority |
| Bingham Farms, MI 48025 | 38505 Woodward Ave., Suite 100 |
| (248) 220-1415 | Bloomfield Hills, MI 48504 |
| | (810) 342-7014/(810) 342-7020 |
| | aforbush@plunkettcooney.com |
| | rclarke@plunkettcooney.com |

2

## **BRIEF IN SUPPORT OF DEFENDANT, GREAT LAKES WATER AUTHORITY'S MOTION TO DISMISS IN LIEU OF ANSWER**

# **TABLE OF CONTENTS**

**INDEX OF AUTHORITIES** ..................................................................................... ii

**ISSUES PRESENTED** ............................................................................................ iv

    **I.   INTRODUCTION** ........................................................................................ 1

    **II.  STATEMENT OF FACTS** ........................................................................... 1

    **III. LEGAL STANDARD** .................................................................................. 4

    **IV. ANALYSIS** .................................................................................................. 6

    **V.  CONCLUSION & REQUESTED RELIEF** ............................................... 11

**PROOF OF SERVICE** ........................................................................................... 12

# **INDEX OF AUTHORITIES**

**Cases**

*14 Penn Plaza LLC, et al v. Steven Pyett et. al,*
  556 U.S. 247; 129 S.Ct. 1456 (2009) .................................................................. 6, 7

*Arnold v. Arnold Corp.-Printed Comm. for Business,*
  920 F.2d 1269, 1275 (6th Cir. 1990) ...................................................................... 6

*Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009) ................................................................. 5

*Atkins v. Louisville & Nashville R.R. Co.,*
  819 F.2d 644, 647 (6th Cir. 1987) .......................................................................... 5

*Circuit City Stores, Inc.*
  532 U.S. at 123; 121 S.Ct. 1302 (2001) .................................................................. 7

*Gant v. Peterson, No.* 12-CV-14721, 2013 WL 5770639(E.D. Mich. Oct .24,
  2013) ...................................................................................................................10

*Green v. Ameritech Corp.,*
  200 F.3d 967, 973 (6th Cir. 2000) .......................................................................... 6

*High v. Capital Senior Living Properties 2 - Heatherwood, Inc.*,
  594 F. Supp. 2d 789, 795 (E.D. Mich. 2008) .......................................................... 5

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,*
  473 U.S. at 626, 105 S.Ct. at 3353 ........................................................................ 6

*Nealy v. Shelly & Sands, Inc.,*
  852 Fed. Appx. 879, 883 (6th Cir. 2021) ................................................................ 8

*Panepucci v. Honigman Miller Schwartz & Cohn LLP,*
  281 Fed. Appx. 482 (6th Cir. 2008) (affirming dismissal under 12(b)(1)) ...... 5

*RMI Titanium Co. v. Westinghouse Elec. Corp.,*
  78 F.3d 1125, 1134 (6th Cir. 2007) ........................................................................ 5

*Simon v. Pfizer Inc.,*
  398 F.3d 765, 773 (6th Cir. 2005) .......................................................................... 5

*Washington v. Roosen, Varchetti & Oliver, PPLC,*
  894 F. Supp. 2d 1015, 1029 (W.D. Mich. 2012) ....................................................... 2, 5

**Other Authorities**

9 U.S.C. § 3 ................................................................................................................... 5

29 U.S.C. §152(2) ........................................................................................................ 10

29 U.S.C §185(a) ......................................................................................................... 10

**Rules**

Rule 12(b)(1) ........................................................................................................ 2, 4, 5

Rule 12(b)(6) ............................................................................................................ 2, 5

## ISSUES PRESENTED

I. **WHETHER PLAINTIFFS' CLAIMS ARE SUBJECT TO THE COLLECTIVE BARGAINING AGREEMENT'S ARBITRATION PROVISION.**

   PLAINTIFFS ANSWER:        -
   DEFENDANT ANSWERS:    YES

II. **WHETHER PLAINTIFFS NLRA CLAIMS SHOULD BE DISMISSED WHERE PLAINTIFFS ARE PUBLIC EMPLOYEES NOT PROTECTED UNDER THE STATUTE**

   PLAINTIFFS ANSWER:        -
   DEFENDANT ANSWERS:    YES

## I. INTRODUCTION

Plaintiffs have filed a multi-count complaint against Defendant, Great Lakes Water Authority (GLWA), asserting workplace discrimination and harassment claims under the Michigan Elliott Larsen Civil Rights Act, Title VII of the Civil Rights Act, the Age Discrimination Employment Act, the Equal Pay Act, the Lilly Ledbetter Fair Pay Act of 2009, the Fair Labor Standards Act, the Family Medical Leave Act of 1993, the Public Employment Relations Act and the National Labor Relations Act. (ECF No. 1, PageID. 8-9).

The Collective Bargaining Agreement between Plaintiffs' union, AFSCME Local 2920, and GLWA requires Plaintiffs to arbitrate claims made pursuant to Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Elliott Larsen Civil Rights Act, the Whistleblower Protection Act or any other similar laws, rules, or regulations that prohibit workplace discrimination, harassment, or retaliation. Furthermore, Plaintiffs have failed to state a valid claim under the NLRA as the NLRA does not cover public employers or public employees. Dismissal of Plaintiffs' claims is warranted as a matter of law.

## II. STATEMENT OF FACTS

Detroit Water and Sewerage Department (DWSD) is a public non-profit corporation that supplied water and wastewater operations for communities

1

through Southeastern Michigan. While in bankruptcy, DWSD, the State of Michigan, the City of Detroit, and Macomb, Oakland and Wayne County entered into an agreement to create GLWA:

> On January 1, 2016, a new public entity, came into existence. Pursuant to the terms of the agreements that created it, the GLWA took over many functions previously performed by the DWSD for water customers both within the City of Detroit and in its surrounding suburbs.
>
> The GLWA, per agreement, also became the employer of the employees who did the work. Thus, many individuals who had been employed by Respondent became employees of the GLWA. The GLWA also recognized the bargaining units that were in place at the time of the takeover and the bargaining representatives for these units.

*City of Detroit (Water and Sewerage Dept)*, 30 MPER ¶ 49(2017)(attached hereto as Exhibit A). GLWA and AFSCME Local 2920 subsequently negotiated a successor collective bargaining agreement that was executed in 2019. (Exhibit B, 2018-2021 Collective Bargaining Agreement).

The Plaintiffs in this case—Larry May, Joe Kimbrough, Cynthia Stokes, Richard King, Andrew Washington, James Dyson, Tanya Glover, Timothy Allen, Robert Williams, Kimberley Garza, April Legreair, Patti Turner, Ravi Yelamanchi, Aurella Morgan, Mauria Davis, Howard Hill, Jr., Bruce Baker, Gilberto Garza, Jay Lewis, John Hall, Teneia Clement, Tonya Tucker, Alfred Teasley, Marcus Wiseman, Lemont Boyd, Roger Greenwood and Harold L.

Robinson, Sr., are current and/or former GLWA employees and members of AFSCME Local 2920 (the Union). (ECF No. 1, PageID p. 7, ¶46).

The agreement between the Union and GLWA is embodied in their Collective Bargaining Agreement (CBA). Under the agreement, the Union is the sole and exclusive representative for the purpose of collective bargaining with respect to rates of pay, wages, hours of employment and other terms and conditions of employment for all employees of GLWA. (Exhibit B, p. 1). Article 7 defines a grievance as "a work-related difference between Great Lakes Water and the Union concerning the interpretation or application of any provision of work rules, Great Lakes Water policy or this Agreement" and outlines a four step grievance procedure that employees are required to follow. (Exhibit B, p. 6). Step 4 of the procedure indicates that unresolved grievances which involve an alleged violation of any specific Article or Section of the CBA and which have been fully processed may proceed to arbitration; the arbitrator's decision is final and binding upon GLWA, the employee and the Union. (Exhibit B, p. 8).

Article 4 and Article 7 of the CBA also require Union members to submit all claims of employment discrimination, harassment and retaliation to binding arbitration. In pertinent part, the CBA states as follows:

> B. NO DISCRIMINATION. There shall be no discrimination or adverse action against any present or future employee by reason of race, creed, color, age, disability, national origin,

3

   sex, Union membership, or any other characteristic protected by law, including, but not limited to, claims made pursuant to Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Elliott Larsen Civil Rights Act, the Whistleblower Protection Act or any other similar laws, rules, or regulations that prohibit any other form of workplace discrimination, harassment, or retaliation. All such claims shall be subject to the grievance and arbitration procedures (Article 7) as the sole and exclusive remedy for violations. Arbitrators shall apply appropriate law in rendering decisions based upon claims under this provision.

***

E. ELECTION OF REMEDIES: There shall be no discrimination or adverse employment action against any present or future employee by reason of race, creed, color, age, disability, national origin, sex, union membership, or any characteristic protected by law, including, but not limited to, claims made pursuant to Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Elliott Larsen Civil Rights Act, the Whistleblower Protection Act or any other similar laws, rules or regulations. All such claims shall be subject to the grievance and arbitration procedures (Article 7) as the sole and exclusive remedy for violations. Arbitrations shall apply appropriate law in rendering decisions based upon claims of discrimination other provisions of this Agreement notwithstanding.

(Exhibit B, pp. 5, 9-10).

### III. <u>**LEGAL STANDARD**</u>

  Courts within this jurisdiction have considered a motion to dismiss in favor of arbitration pursuant to Rule 12(b)(1). *See, e.g., Panepucci v. Honigman*

4

*Miller Schwartz & Cohn LLP,* 281 Fed. Appx. 482 (6th Cir. 2008) (affirming dismissal under 12(b)(1)); *Simon v. Pfizer Inc.,* 398 F.3d 765, 773 (6th Cir. 2005); *Atkins v. Louisville & Nashville R.R. Co.,* 819 F.2d 644, 647 (6th Cir. 1987).

Courts have also indicated that a motion to dismiss based upon an agreement to arbitrate may be brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *High v. Capital Senior Living Properties 2 - Heatherwood, Inc.*, 594 F. Supp. 2d 789, 795 (E.D. Mich. 2008) ("a motion to dismiss grounded on an arbitration clause is more properly brought under Rule 12(b)(6) than Rule 12(b)(1)..."; *see also Washington v. Roosen, Varchetti & Oliver, PPLC*, 894 F. Supp. 2d 1015, 1029 (W.D. Mich. 2012) (same). A motion brought under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint and provides for dismissal of a lawsuit where the plaintiff has failed to state a claim upon which relief can be granted. *RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), a Plaintiff must plead "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

5

## IV. ANALYSIS

The Federal Arbitration Act (FAA), 9 U.S.C. § 3, provides that a federal court shall stay an action which is subject to arbitration under the parties' agreement:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

The Sixth Circuit has accepted dismissal, rather than merely a stay, under § 3 where the only thing left for the district court to do is to execute a judgment. *Arnold v. Arnold Corp.-Printed Comm. for Business,* 920 F.2d 1269, 1275 (6th Cir. 1990). When all of the issues before the district court are subject to arbitration, the district court may dismiss the action. *Green v. Ameritech Corp.,* 200 F.3d 967, 973 (6th Cir. 2000).

Courts are to examine the language of the contract in light of the strong federal policy in favor of arbitration. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. at 626, 105 S.Ct. at 3353; *Arnold v. Arnold,* 920 F.2d 1269, 1281 (6th Cir. 1990). Likewise, any ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration. *Id.*

6

The United States Supreme Court "has been quite specific in holding that arbitration agreements can be enforced under the FAA without contravening the policies of congressional enactments giving employees specific protection against discrimination prohibited by federal law." *14 Penn Plaza LLC, et al v. Steven Pyett et. al,* 556 U.S. 247; 129 S.Ct. 1456 (2009) citing *Circuit City Stores, Inc.* 532 U.S. at 123; 121 S.Ct. 1302 (2001). For example, *14 Penn Plaza LLC, et al v. Steven Pyett et. al,* the Supreme Court held that provisions in a collective bargaining agreement that clearly and unmistakably require union members to arbitrate ADEA discrimination claims are enforceable. *14 Penn Plaza LLC, et al v. Steven Pyett et. Al,* 556 U.S. 247; 129 S.Ct. 1456 (2009). The *Penn Plaza* court explained as follows:

> As in any contractual negotiation, a union may agree to the inclusion of an arbitration provision in a collective-bargaining agreement in return for other concessions from the employer. Courts generally may not interfere in this bargained-for exchange. Judicial nullification of contractual concessions . . . is contrary to what the Court has recognized as one of the fundamental policies of the National Labor Relations Act— freedom of contract.

*Id.* at 257. The Court concluded that because ADEA itself did not remove this particular class of grievances from the NLRA's broad sweep, the CBA arbitration had to be honored. *Id.*

Similarly, in *Nealy v Shelly & Sands,* the Sixth Circuit held that an antidiscrimination provision in a CBA that explicitly required "full compliance

7

with all applicable Federal and State Statutes, regulations, rules and orders of appropriate Federal and State agencies having jurisdiction over the subject matter of discrimination in employment" as well as a grievance and binding arbitration provision that also explicitly referred to "claims regarding equal employment opportunity … under any federal, state or local fair employment practices" was sufficient to establish the parties' mutual intent to require all equal employment opportunity claims to be submitted to arbitration. *Nealy v. Shelly & Sands, Inc.,* 852 Fed. Appx. 879, 883 (6th Cir. 2021). The court rejected the plaintiff's argument that because the CBA did not specifically list the statute under which he filed his claim he did not waive his right to a judicial forum. *Id.* at 881.

In this case, the waiver of statutory rights to a judicial forum in the CBA are clear and unmistakable. The plain language contained in the CBA indicates the parties' mutual intent to require any workplace discrimination, harassment, or retaliation claims—which clearly encompass the claims alleged by Plaintiffs here—to be submitted to arbitration. The CBA's grievance procedure explicitly states the grievance procedure and arbitration are the exclusive method for resolving work-related differences for all employees. (Exhibit B, p. 11). The CBA defines a grievance as "a work-related difference between Great Lakes Water and the Union concerning the interpretation or

8

application of any provision of work rules, Great Lakes Water policy or this Agreement. (Exhibit B, p. 11).  The CBA also specifically identify Title VII, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Elliott Larsen Civil Rights and any other form of workplace discrimination, harassment or retaliation claims as falling within the gambit of the arbitration clause:

> B. NO DISCRIMINATION. There shall be no discrimination or adverse action against any present or future employee by reason of race, creed, color, age, disability, national origin, sex, Union membership, or any other characteristic protected by law, including, but not limited to, claims made pursuant to Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Elliott Larsen Civil Rights Act, the Whistleblower Protection Act or any other similar laws, rules, or regulations that prohibit any other form of workplace discrimination, harassment, or retaliation. All such claims shall be subject to the grievance and arbitration procedures (Article 7) as the sole and exclusive remedy for violations. Arbitrators shall apply appropriate law in rendering decisions based upon claims under this provision.

(Exhibit B, p. 5)

> E. ELECTION OF REMEDIES: There shall be no discrimination or adverse employment action against any present or future employee by reason of race, creed, color, age, disability, national origin, sex, union membership, or any characteristic protected by law, including, but not limited to, claims made pursuant to Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Elliott Larsen Civil Rights Act, the Whistleblower Protection Act or any other similar laws, rules or regulations.

9

> All such claims shall be subject to the grievance and arbitration procedures (Article 7) as the sole and exclusive remedy for violations. Arbitrations shall apply appropriate law in rendering decisions based upon claims of discrimination other provisions of this Agreement notwithstanding.

(Exhibit B, pp. 9-10). Under the provisions set forth in the CBA, Plaintiffs are required to arbitrate all disputes arising out of their employment relationship with GLWA; stated differently, the CBA requires Plaintiffs to not only arbitrate contract-based disputes, but also disputes based on statutory or common law, rules and regulations.

Furthermore, the NLRA provides federal courts with jurisdiction over suits for violations of contracts between 'an employer' and a labor organization. 29 U.S.C §185(a). States and political subdivisions, however, are specifically exempt from the definition of employer. 29 U.S.C. § 152(2). *Gant v. Peterson, No.* 12-CV-14721, 2013 WL 5770639, at *3 (E.D. Mich. Oct. 24, 2013) Accordingly, Plaintiff cannot assert a claim for breach of duty of fair representation arising out of their employment with GLWA—a public employer. Dismissal of Plaintiffs' NLRA claims is warranted pursuant to Fed. R. Civ. P. 12(b)(6).

## V. CONCLUSION & REQUESTED RELIEF

Based on the foregoing, Defendant, Great Lakes Water Authority, respectfully requests this Honorable Court grant its motion and dismiss the claims brought against it by Plaintiffs, together with such additional relief in Defendant's favor deemed just and proper.

Respectfully submitted,

*/s/ Rochelle Clarke*
AUDREY FORBUSH (P41744)
ROCHELLE CLARKE (P79054)
PLUNKETT COONEY
Attorneys for Defendant Great Lakes Water Authority
38505 Woodward Ave., Suite 100
Bloomfield Hills, MI 48504
(810) 342-7014/(810) 342-7020
aforbush@plunkettcooney.com
rclarke@plunkettcooney.com

Date: August 18, 2021

11

## **PROOF OF SERVICE**

KIMBERLY WEBSTER hereby certifies that on the 18th day of August, 2021, she caused to be served a copy of DEFENDANT, GREAT LAKES WATER AUTHORITY'S MOTION TO DISMISS IN LIEU OF ANSWER, BRIEF IN SUPPORT OF DEFENDANT, GREAT LAKES WATER AUTHORITY'S MOTION TO DISMISS IN LIEU OF ANSWER, and PROOF OF SERVICE, via CM/ECF electronic filing with the United States District Court for the Eastern District of Michigan, Southern Division, which will provide notice of this electronic filing to all counsel of record.

*/s/ Kimberly Webster*
KIMBERLY WEBSTER

Open.P1200.P1200.27000996-1