UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY MAY, *et al.*,

      Plaintiffs,

v.

GREAT LAKES
WATER AUTHORITY, *et al.*,

      Defendants.

Case No. 21-cv-10911
Hon. Matthew F. Leitman

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT AFSCME LOCAL 2920'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT (ECF No. 51)

The now-pending Second Amended Complaint in this action contains claims by seventeen (of the twenty-seven total) Plaintiffs against Defendant AFSCME Local 2920 (the "Union"). The seventeen Plaintiffs now belong to the Union or did so at the relevant times. They assert claims against the Union under Michigan's Public Employment Relations Act, Mich. Comp. Laws §423.201 et seq. ("PERA"). Their claims under PERA are for breach of the Union's duty of fair representation. (*See* Pls. Resp. to the Union's Mot. to Dismiss, ECF No. 55, PageID.2808 – acknowledging nature of claims.) The Court has given the Plaintiffs two opportunities to amend their claims. (*See* Orders, ECF Nos. 27 & 43.)

1

Now before the Court is the Union's Motion to Dismiss the Second Amended Complaint. (*See* Mot., ECF No. 51.)  The Court held a hearing on the motion on November 21, 2023.  For the reasons stated on the record during the hearing and the reasons set forth in Section C.1 of the Union's supporting brief (*see* Mot., ECF No. 51, PageID.2558-2564[1]), the motion is **GRANTED** as to the claims of the following Plaintiffs against the Union under PERA:

- Larry May

- April Legreair

- Bruce Baker

- John Hall

---

[1] At the cited pages of the Union's brief, the Union relies upon federal cases construing claims under the National Labor Relations Act.  Reliance on those cases is appropriate because PERA was "modeled after the National Labor Relations Act," *Rogers v. Board of Education of Buena Vista Schools*, 2 F.3d 163, 166 (6th Cir. 1993), and "[i]n construing and applying PERA, the Michigan Supreme Court has held that the Michigan legislature intended Michigan courts to rely on analogous federal precedent." *Id.*  One of the federal decisions cited by the Union is *James v. Norfolk S. Ry. Co.*, 2020 WL 11423126 (N.D. Ohio Nov. 16, 2020). (*See* Mot., ECF No 51, PageID.2561-62.)  The Court believes that that decision provides helpful general guidance concerning the facts that a union member must plead in order to state a viable claim for breach of the duty of fair representation.  But even if the pleading standards are not quite as strict as required by *James*, the PERA claims of the above-identified Plaintiffs would still fail because, for the reasons explained on the record during the hearing and in the Union's brief, the allegations underlying those claims are not nearly specific enough and/or sufficient to state a viable claim. Indeed, the claims rest on allegations against the Union that are conclusory.

- Robert Williams

- Jay Lewis

- Patti Turner

- Tonya Tucker

- Teneia Clement

- Alfred Teasely

- Roger Greenwood

- Lemont Boyd

The claims by these Plaintiffs against the Union are **DISMISSED WITH PREJUDICE**.

Next, for the reasons stated on the record during the hearing, the motion is **DENIED** as to the claims of the following Plaintiffs against the Union under PERA:

- Mauria Davis

- Kimberly Garza

- Joe Kimbrough

- Harold L. Robinson, Sr.

As further explained on the record, with respect to the claims against the Union by Plaintiffs Kimberly Garza and Harold Robinson, Sr., the parties shall engage in an initial period of discovery limited to the question of whether those claims are barred by the applicable statute of limitations.  At the conclusion of that

period of limited discovery, the Court will hold a status conference with counsel to determine next steps.  The parties shall notify the Court when the initial period of limited discovery has been completed.

The discovery into the claims by Plaintiffs Davis and Kimbrough shall not be limited to statute of limitations issues.

Finally, Plaintiff Harold Robinson, Sr. asserts a claim against the Union under the National Labor Relations Act.  The Court previously dismissed that claim because that Act does not apply to public unions. (*See* Order, ECF No. 43.) The Court once again **DISMISSES WITH PREJUDICE** that claim for that same reason.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  November 27, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 27, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126