UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY MAY, *et al.*,

    Plaintiff,

v.

Case No. 21-cv-10911
Hon. Matthew F. Leitman

GREAT LAKES
WATER AUTHORITY, *et al.*,

    Defendants.

_____/

### ORDER (1) GRANTING DEFENDANT'S MOTION TO LIFT STAY AND CONFIRM ARBITRATION AWARD (ECF No. 68), (2) DENYING PLAINTIFFS' "APPEAL" OF ARBITRATION AWARD (ECF No. 72), AND (3) DISMISSING PLAINTIFFS' CLAIMS AGAINST DEFENDANT GREAT LAKES WATER AUTHORITY WITH PREJUDICE

Plaintiffs are twenty-seven current or former employees of Defendant Great Lakes Water Authority (the "GLWA"). In this action, Plaintiffs allege that the GLWA engaged in "workplace discrimination and harassment based upon the protected classes of race, age, national origin, and sex." (Sec. Am. Compl. at ¶ 1, ECF No. 47, PageID.1941.) In April 2023, the GLWA moved to compel Plaintiffs to arbitrate all of their claims against the GLWA. (*See* Mot., ECF No. 50.) The Court granted that relief and stayed the proceedings against the GLWA so that Plaintiffs' claims against the GLWA could be arbitrated. (*See* Order, ECF No. 64.) Plaintiffs and the GLWA then arbitrated Plaintiffs' claims. The arbitrator ultimately issued

1

an arbitration award in favor of the GLWA (the "Award"), and the GLWA has now returned to this Court and filed a motion to lift the stay, confirm the Award, and dismiss Plaintiffs' claims. (*See* Mot., ECF No. 68.)

Plaintiffs have filed two seemingly-contradictory responses to the GLWA's motion. In the first response, the Plaintiffs told the Court that – with the exception of Plaintiffs Mauria Davis, Kimberley Garza, and Joe Kimbrough – Plaintiffs did not oppose confirmation of the Award. (*See* Resp., ECF No. 69.) In a second response, Plaintiff Harold Robinson, Sr., with the concurrence of all other Plaintiffs, filed what he called an "appeal" of the Award. (*See* Appeal, ECF No. 72.) In that "appeal," Robinson, Sr. argued that confirmation of the Award would violate public policy. (*See id.*)

The Court has carefully reviewed all of the parties' filings, and for the reasons explained below, the Court **DENIES** Plaintiffs' "appeal" of the Award, **GRANTS** the GLWA's motion to lift the stay and to confirm the Award, and **DISMISSES** Plaintiffs' claims against the GLWA with prejudice.

I

The Court begins by briefly recounting the procedural history of this action. That history provides important context for the positions taken by the Plaintiffs in their responses to the GLWA's motion to confirm the Award.

## A

In April 2021, Plaintiffs filed this action against the GLWA, their union – AFSCME Local 2920 (the "Union"), and Lakeshore Global Corporation. (*See* Compl., ECF No. 1.) The operative pleading is Plaintiffs' Second Amended Complaint. Plaintiffs filed that pleading on March 20, 2023. (*See* Sec. Am. Compl., ECF No. 47.)

In the Second Amended Complaint, Plaintiffs allege that the GLWA and Lakeshore Global discriminated against them on the basis of "race, age, national origin, and sex" (*id.* at ¶ 1, PageID.1941), and they say that the Union "breach[ed] its statutory duty to provide fair representation to its constituents." (*Id.* at ¶ 54, PageID.1947.) Plaintiffs bring claims against the GLWA and Lakeshore Global under state and federal law and against the Union under only state law.[1]

## B

In April 2023, the Defendants each filed separate motions related to the claims raised in the Second Amended Complaint. The GLWA moved to stay all of the claims brought against it and to compel Plaintiffs to arbitrate those claims. (*See* Mot., ECF No. 50.) The Court granted that motion and ordered "Plaintiffs to arbitrate all

---

[1] In the Second Amended Complaint, Plaintiff Robinson, Sr. purported to bring a claim against the Union under the federal National Labor Relations Act (*see* Sec. Am. Compl at ¶¶ 1430-1439, ECF No. 47, PageID.2172-2173), but the Court previously dismissed that claim with prejudice. (*See* Order, ECF No. 43, PageID.1869.) That claim is no longer live in this action.

3

of their claims against the [GLWA]." (Order, ECF No. 64, PageID.2966.) The Court directed the "Plaintiffs [to] pursue those claims solely through the arbitration process set forth in the collective bargaining agreements between the [GLWA] and the unions to which Plaintiffs belonged at the relevant times." (*Id.*, PageID.2966-2967.)

The Union moved to dismiss the state-law claims brought against it. (*See* Mot., ECF No. 51.) The Court granted that motion in part and denied in part. (*See* Order, ECF No. 63.) More specifically, the Court granted the motion and dismissed the claims against the Union by all but four Plaintiffs – Plaintiffs Davis, Kimberley Garza, Kimbrough, and Robinson, Sr. (*See id.*, PageID.2964.) As to those Plaintiffs, the Court directed the parties to engage in a period of discovery limited solely to the "question of whether those claims are barred by the applicable statute of limitations." (*Id.*) The parties engaged in that discovery, and the Union has now filed a renewed motion to dismiss that is pending on the Court's docket. (*See* Mot., ECF No. 77.)

Finally, Lakeshore Global moved to dismiss or, in the alternative, for summary judgment (*see* Mot., ECF No. 48), and the Court granted that motion. (*See* Order, ECF No. 65.)

**C**

Following that motion practice, the Plaintiffs and the GLWA proceeded to arbitration. On December 10, 2024, Arbitrator Jo A. Irby issued the Award, a twenty-one-page ruling that found in favor of the GLWA. (*See* Award, ECF No. 68-

4

1.) In the Award, Arbitrator Irby explained that in order to exhaust their claims, Plaintiffs had to "file a grievance [describing their claims] in accordance with the applicable [collective bargaining agreement]," and Arbitrator Irby determined that Plaintiffs failed to "timely" file such grievances. (*Id.*, PageID.3008.) Arbitrator Irby therefore concluded that Plaintiffs' claims against the GLWA were "barred in their entirety." (*Id.*)

### D

On January 22, 2025, the GLWA returned to this Court and filed a motion to lift the stay, confirm the Award, and dismiss Plaintiffs' claims with prejudice. (*See* Mot., ECF No. 68.) The GLWA contends that it is entitled to that relief because "Arbitrator [Irby] correctly determined that the Plaintiffs' arbitration claims were barred as a result of Plaintiffs' failure to abide by the grievance procedures outline[d] in their respective collective bargaining agreements." (*Id.*, PageID.2985.)

### E

Plaintiffs filed two separate responses to the GLWA's motion. In the first response, Plaintiffs say that subject to a narrow exception (described in more detail below), they do not object to the GLWA's motion and do not oppose confirmation of the Award and the dismissal of their claims against the GLWA. (*See* Resp., ECF No. 69.) In a second response, Plaintiff Robinson, Sr., with the concurrence of other

5

Plaintiffs, filed what he called an "appeal" of the Award.² (*See* Appeal, ECF No. 72.) In that "appeal," Robinson, Sr. argues that confirmation of the Award would violate public policy. (*See id.*)  The Court will examine each response separately below.

## II

### A

The Court begins with the first response that Plaintiffs filed to the GLWA's motion to confirm the Award. (*See* Resp., ECF No. 69.)  In that response, Plaintiffs said that they did "not object to an order to lift the stay of proceedings or to an order to confirm Arbitrator Irby's Arbitration Award." (*Id.*, PageID.3010.)   However, Plaintiffs did raise the following limited objection to confirmation of the Award:

> Plaintiffs do, however, object to dismissing Plaintiffs' claims with prejudice. As this Court is no doubt aware, three Plaintiffs in this case – Mauria Davis, Kimberly Garza, and Joe Kimbrough – have pending federal claims against Defendants. The proceedings on those claims were stayed while this case was pending in Arbitration. Now that a final Arbitration Award has been issued, Plaintiffs should be permitted to proceed with the outstanding federal claims.

---

² Robinson, Sr. purported to file his "appeal" with the "concur[ence]" of all of the other Plaintiffs. (Appeal, ECF No. 72, PageID.3019.)  And that filing included the /s/ signature of both Robinson, Sr.'s attorney, Carla Aikens, and the attorney of all of the other Plaintiffs, Jan J. Rubinstein. (*See id.*, PageID.3023.)  The "concur[ence]" of the other Plaintiffs, and the /s/ signature of their attorney, is puzzling in light of the first response to the GLWA's motion that Plaintiffs filed.  As described above, in that filing, Plaintiffs told the Court that apart from Plaintiffs Davis, Kimberley Garza, and Kimbrough, none of the other Plaintiffs objected to the confirmation of the Award.

(*Id.*)

This objection is confusing because no Plaintiff has any federal claims against the GLWA that were stayed but not referred to arbitration. On the contrary, *all* of Plaintiffs' claims against the GLWA – including the federal claims brought by Plaintiffs Davis, Kimberley Garza, and Kimbrough – were subject to the Court's arbitration order and were arbitrated before Arbitrator Irby. (*See* Order, ECF No. 64, PageID.2966: "Plaintiffs [shall] arbitrate *all* of their claims against the [GLWA]"; Award, ECF No. 68-1, PageID.2991-2992.) Thus, the Court overrules this objection to the extent that it seeks to preserve any federal claims against the GLWA.

It seems possible that Plaintiffs may have meant to argue that the *state law* claims brought by Davis, Kimberley Garza, and Kimbrough *against the Union* are not subject to the Award and should not be dismissed at this time. If that is what Plaintiffs meant to argue, the Court agrees. Plaintiffs' state-law claims *against the Union* were not covered by the Court's arbitration order and were not arbitrated before Arbitrator Irby. Those claims remain pending in this action and are subject to a separate motion to dismiss that the Union filed in April 2025. (*See* Mot., ECF No. 77.) The Court will resolve that motion in due course.

For all of these reasons, Plaintiffs' first response does not provide a basis to decline to confirm the Award.

**B**

The Court next turns to Robinson, Sr.'s response to the Award. (*See* Appeal, ECF No. 72.) That response is titled "Appeal of Arbitration Award." (*See id.*) But there is no procedure under the Federal Arbitration Act[3] (the "FAA") for a party to file an "appeal" of an arbitration award in a federal district court. Instead, the FAA allows parties to an arbitration to file a motion to "vacat[e]" an arbitration award under specific circumstances. 9 U.S.C. § 10(a). More specifically, the FAA provides that:

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
>
> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

---

[3] The parties appear to agree that the FAA applies here. (*See* GLWA Resp., ECF No. 75; Robinson, Sr. Reply, ECF No. 76.) *See also Nealy v. Shelly & Sands, Inc.*, 852 F. App'x 879, 881 (6th Cir. 2021) (applying FAA to arbitration agreement included in a party's collective bargaining agreement).

> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)-(4).

In Robinson, Sr.'s "appeal," he does not cite any provision of the FAA, much less identify or apply any of the provisions quoted above. And while in his reply brief, he says that the arbitrator "imperfectly executed [his] power" (Reply, ECF No. 76, PageID.3101), he does not cite any authority interpreting that provision of the FAA or provide any basis for vacating the Award under that provision other than his disagreement with the arbitrator's legal conclusions. The Court will therefore treat Robinson, Sr.'s "appeal" as an opposition to the GLWA's motion to confirm the Award instead of a separate motion to vacate or otherwise set aside the Award.

Robinson, Sr.'s arguments fail to persuade the Court that the Award should not be confirmed. Robinson, Sr.'s primary argument is that Arbitrator Irby's conclusion that Plaintiffs did not timely exhaust their claims may violate public policy. (*See* Resp., ECF No. 72, PageID.3020.) Robinson, Sr. says that "[t]he Michigan Supreme Court, in just under a month, is hearing argument by [his attorney] on whether it violates public policy to shorten the statute of limitations by contract in the employment context." (*Id.*) And he insists that the limitations period that Arbitrator Irby applied here "would make it unlikely that any claimant would ever be able to obtain redress." (Reply, ECF No. 76, PageID.3101.) But Robinson,

9

Sr. cites no authority for the proposition that the limitations provision that Arbitrator Irby applied (the period that is included within the Plaintiffs' collective bargaining agreement) is unenforceable under current law.  Nor does he cite any authority for the proposition that Plaintiffs may be entitled to relief from the Award if the Michigan Supreme Court hereafter issues a decision that changes the law that Arbitrator Irby applied.  Simply put, Robinson, Sr. has provided no basis and no authority for the Court to disturb Arbitrator Irby's ruling and/or to decline to confirm the Award.

## IV

For all of the reasons explained above, the GLWA's motion to lift the stay and confirm the Award (ECF No. 68) is **GRANTED**.  The stay of proceedings as to the claims against the GLWA is **LIFTED**, Plaintiffs' "appeal" of the Award is **DENIED**, the Award is **CONFIRMED**, and Plaintiffs' claims against the GLWA are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated:  September 8, 2025

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 8, 2025, by electronic means and/or ordinary mail.

                                        s/Holly A. Ryan
                                        Case Manager
                                        (313) 234-5126