UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY MAY, *et al.*,

    Plaintiff,

v.

    Case No. 21-cv-10911
    Hon. Matthew F. Leitman

GREAT LAKES
WATER AUTHORITY, *et al.*,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 87)

In this action, twenty-seven current or former employees of Defendant Great Lakes Water Authority (the "GLWA") allege that the GLWA engaged in "workplace discrimination and harassment based upon the protected classes of race, age, national origin, and sex." (Sec. Am. Compl. at ¶ 1, ECF No. 47, PageID.1941.)  In November 2023, the Court ordered Plaintiffs to arbitrate their claims against the GLWA pursuant to arbitration provisions included the parties' collective bargaining agreements. (*See* Order, ECF No. 64.)  The parties did so, and the Arbitrator ultimately issued an arbitration award in favor of the GLWA (the "Award").  In the Award, the Arbitrator explained that in order to exhaust their claims, Plaintiffs had to, among other things, "file a grievance [describing their claims] in accordance with the applicable [collective bargaining agreement]." (Award, ECF No. 68-1,

1

PageID.3008.) The Arbitrator further explained that the collective bargaining agreement required the filing of a grievance within "10 working days after the occurrence of the alleged contract violation which gave rise to the grievance." (*Id.*, PageID.2993.) And the Arbitrator concluded that the Plaintiffs' claims were barred because Plaintiffs failed to "timely" file such grievances. (*Id.*, PageID.3007-3008.)

The GLWA then returned to this Court and filed a motion to confirm the Award and dismiss Plaintiffs' claims. (*See* Mot., ECF No. 68.) Plaintiff Harold Robinson Sr. opposed the GLWA's motion. (*See* Appeal, ECF No. 72.[1]) In his opposition, he argued that confirmation of the Award would potentially violate public policy. (*See id.*) More specifically, he asserted that the Michigan Supreme Court was about to hear argument in *Timika Rayford v. American House Roseville I, LLC*, a case that, according to Robinson Sr., presented the question of whether "it violates public policy to shorten the statute of limitations by contract in the employment context." (*Id.*, PageID.3020.) Robinson Sr. said that in light of the forthcoming decision in *Rayford*, he "pray[ed] that the Court not permit [the Award] to stand where [the limitations period for filing grievances under] the contract at issue may violate public policy." (*Id.*) Simply put, Robinson Sr. asked the Court not

---

[1] Robinson Sr. filed what he called an "Appeal of Arbitration Award." (*See* Appeal, ECF No. 72.) The Court explained that that filing had to be construed as an opposition to the GLWA's motion to confirm the Award. (*See* Order, ECF No. 85, PageID.3663-3664.)

2

to enter judgment on the Award because, in his view, the to-be-issued decision in *Rayford* could potentially undermine the Arbitrator's decision to enforce the limitations period against Plaintiffs.

On September 8, 2025, the Court rejected Robinson Sr.'s arguments and confirmed the Award. (*See* Order, ECF No. 85.) In that decision, the Court noted, among other things, that Robinson Sr. had failed to identify "any authority for the proposition that Plaintiffs may be entitled to relief from the Award if the Michigan Supreme Court hereafter issues a decision that changes the law that [the Arbitrator] applied." (*Id.*, PageID.3365.) Stated another way, the Court faulted Robinson Sr. because he did not cite a single case supporting his contention that a court may decline to enforce an arbitrator's award based upon a change in the law that occurs *after* the arbitrator issues his decision.

Now before the Court is Robinson Sr.'s motion for reconsideration. (*See* Mot., ECF No. 87.) In that motion, Robinson Sr. notes that the Michigan Supreme Court decided *Rayford* on July 31st of this year, and he contends that *Rayford* renders "[i]nvalid" the 10-day limitations period in the collective bargaining agreement for the filing of grievances. (*Id.*, PageID.3671.) Robinson Sr. says that given the decision in *Rayford*, the Court must reconsider its decision confirming the Award. The Court has carefully reviewed both Robinson Sr.'s motion and the Michigan Supreme Court's decision in *Rayford v. American House Roseville I, LLC*, ---

3

N.W.3d ---, 2025 WL 2177754 (Mich. July 31, 2025), and it concludes that Robinson Sr. is not entitled to relief for several reasons.

First, Robinson Sr. unduly delayed in bringing *Rayford* to the Court's attention. The Michigan Supreme Court issued its ruling in *Rayford* on July 31, 2025 – more than one month *before* the Court issued its decision confirming the Award. Robinson Sr. had ample time to file a notice of supplemental authority bringing *Rayford* to the Court's attention so that the Court could review *Rayford* before issuing its decision, but he failed to do so. Because Robinson Sr. failed to timely bring the *Rayford* decision to the Court's attention, he has no basis on which to claim that the Court erred in failing to account for that decision.

Second, Robinson Sr. has still failed to explain how *Rayford* entitles him to relief from the Award given that *Rayford* was decided *after* the Arbitrator issued the Award. Indeed, Robinson Sr. again makes no effort to demonstrate that a party is entitled to relief from an arbitration award based upon a change in the law that occurs after the award is issued. This shortcoming in Robinson Sr.'s motion further precludes his request for relief from the Award.

Finally, and most importantly, Robinson Sr. has not shown that *Rayford* applies here or that it compels the conclusion that he is entitled to relief from the Award. As the Michigan Supreme Court said in *Rayford*, that decision "address[ed] whether an employer can contractually shorten the three-year statute of limitations

applicable to civil rights claims to 180 days *through a boilerplate employment agreement.*" *Rayford*, --- N.W.3d ---, 2025 WL 2177754, at *1 (emphasis added). The court then explained that "[w]hile contractually shortened limitations periods are generally permitted, they require further analysis before enforcement where, as here, *a non-negotiated boilerplate agreement is an adhesion contract* between an employer and an employee." *Id.* (emphasis added).  But the 10-day limitations period here was not found in a "non-negotiated boilerplate agreement."  On the contrary, that period was part of a collective *bargaining* agreement – *i.e.*, an agreement that was the product of a *negotiation* between the GLWA and Robinson Sr.'s union. Robinson Sr. has not persuaded the Court that *Rayford* applies to the 10-day limitations period here.[2]

---

[2] Robinson Sr. also appears to argue that he is entitled to relief based on a second case that was pending before the Michigan Supreme Court: *Saidizand v. GoJet Airlines, LLC*.  In *Saidizand*, an employee challenged an arbitration provision included in his employment contract. *See Saidizand v. GoJet Airlines, LLC*, 2021 WL 4428797, at *1 (Mich. Ct. App. Sept. 23, 2021).  On October 2, 2025, the Michigan Supreme Court remanded *Saidizand* to the Michigan Court of Appeals "for reconsideration in light of *Rayford*." *Saidizand v. GoJet Airlines, LLC*, 2025 WL 2808932, at *1 (Mich. Oct. 2, 2025).  Robinson Sr. insists that "[t]he facts of *Saidizand* mirror the facts in the present case relating to the validity of forced arbitration clauses in employment agreements." (Mot., ECF No. 87, PageID.3673.) But, as in *Rayford*, *Saidizand* appears to involve an employment contract that was not collectively-bargained, and, instead, may have constituted a contract of adhesion. *See Saidizand*, 2021 WL 4428797, at * 1-2. Thus, Robinson Sr. has not shown how *Saidizand* would apply here where the arbitration agreement at issue was part of a collectively-bargained employment contract.

For all of the reasons explained above, Robinson Sr.'s motion for reconsideration (ECF No. 87) is **DENIED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  October 15, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 15, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

6