UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY MAY, *et al.*,

      Plaintiff,

                                    Case No. 21-cv-10911

v.                                Hon. Matthew F. Leitman

GREAT LAKES
WATER AUTHORITY, *et al.*,

      Defendants.

_____/

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT (ECF No. 77)**

Plaintiffs Maura Davis, Kimberley Garza, Joe Kimbrough, and Harold Robinson Sr. at all relevant times were members of Defendant AFSCME Local 2920 (the "Union"). In this action, Plaintiffs allege that the Union breached its duty of fair representation under Michigan's Public Employment Relations Act, Mich. Comp. Laws § 423.201 *et seq*. (the "PERA").

Now before the Court is the Union's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure and/or for summary judgment under Rule 56. (*See* Mot., ECF No. 77.) The Union argues, among other things, that Plaintiffs' claims are not timely under the PERA and that the claims fail on the merits. While Plaintiffs have addressed the portion of the Union's argument seeking dismissal under Rule 12(b)(6), Plaintiffs have not provided any substantive response to the

1

Union's summary judgment arguments.  Nor have Plaintiffs identified any evidence that their claims are timely or meritorious under the PERA.  Thus, for the reasons explained below, the Court **GRANTS** the Union's motion for summary judgment and **DISMISSES** Plaintiffs' PERA claims.

**I**

**A**

Plaintiffs are current or former employees of the Great Lakes Water Authority (the "GLWA").  In April 2021, twenty-seven named Plaintiffs filed this action against the GLWA and the Union. (*See* Compl., ECF No. 1.)  The operative pleading is Plaintiffs' Second Amended Complaint. (*See* Sec. Am. Compl., ECF No. 47.)  In that pleading, Plaintiffs alleged that the GLWA engaged in "workplace discrimination and harassment based upon the protected classes of race, age, national origin, and sex." (*Id.* at ¶ 1, PageID.1941.)

In addition to bringing claims against the GLWA, seventeen of the Plaintiffs brought claims against the Union under the PERA.  Those claims arose out of (1) the Union's alleged "failure to adequately investigate" grievances that the represented Plaintiffs had against the GLWA and (2) the Union's "failure to collectively bargain in good faith, resulting in damage to Plaintiffs by way of lost perks." (Resp., ECF No. 79, PageID.3514.)

**B**

In April 2023, the GLWA moved to compel Plaintiffs to arbitrate all of their claims against the GLWA. (*See* Mot., ECF No. 50.)  The Court granted that relief and stayed the proceedings as to the claims brought against the GLWA. (*See* Order, ECF No. 64.)  The Union was not a party to the arbitration, and the Plaintiffs' claims against the Union were not arbitrated.

The arbitrator ultimately issued an arbitration award in favor of the GLWA and against the Plaintiffs (the "Award").  The Court confirmed the Award and dismissed Plaintiffs' claims against the GLWA on September 8, 2025. (*See* Order, ECF No.  85.)

**C**

On April 30, 2023, the Union moved to dismiss Plaintiffs' claims. (*See* Mot., ECF No. 51.)  The Court granted that motion in part and denied it in part. (*See* Order, ECF No. 63.)  More specifically, the Court dismissed the claims brought against the Union by all of the Plaintiffs except for Plaintiffs Davis, Garza, Kimbrough, and Robinson Sr. (*See id.*)  The parties then engaged in a period of discovery related to the PERA claims by those remaining Plaintiffs.

**D**

Following the arbitration and motion practice described above, the only remaining claims in this action are the PERA claims against the Union by Plaintiffs

3

Davis, Garza, Kimbrough, and Robinson Sr.  On April 25, 2025, the Union filed a

motion to dismiss and/or for summary judgment with respect to those remaining

claims. (*See* Mot., ECF No. 77.)  The Court has reviewed the motion and Plaintiffs'

responses (*see* Resps., ECF Nos. 79, 80), and it is now prepared to rule on the

motion.

## II

### A

In its motion, the Union moves to dismiss Plaintiffs' claims under Federal

Rule of Civil Procedure 12(b)(6) and for summary judgment under Rule 56.  The

Court will focus only on the Union's request for summary judgment.  The standard

for granting that relief is well established.  Under Rule 56, a movant is entitled to

summary judgment when it "shows that there is no genuine dispute as to any material

fact." *SEC v. Sierra Brokerage Servs., Inc.*, 712 F.3d 312, 326-27 (6th Cir. 2013)

(quoting Fed. R. Civ. P. 56).  When reviewing the record, "the court must view the

evidence in the light most favorable to the non-moving party and draw all reasonable

inferences in its favor." *Id.*  But "the mere existence of a scintilla of evidence in

support of the [non-moving party's] position will be insufficient; there must be

evidence on which the jury could reasonably find for [that party]." *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  Summary judgment is not

appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Id.* at 251–52.

B

As noted above, Plaintiffs' claims against the Union arise under the PERA. "The PERA was adopted by the Michigan legislature to regulate the labor relations between Michigan's public employers and employees." *Chisolm v. Michigan AFSCME Council 25*, 218 F.Supp.2d. 855, 869 (E.D. Mich. 2002) (citing *Grandville Municipal Executive Ass'n v. City of Grandville,* 553 N.W.2d 917 (Mich. 1996)). The PERA was "modeled after the National Labor Relations Act." *Rogers v. Bd. of Educ. of Buena Vista Schools*, 2 F.3d 163, 166 (6th Cir. 1993). Thus, "[i]n construing and applying PERA, the Michigan Supreme Court has held that the Michigan legislature intended Michigan courts to rely on analogous federal precedent." *Id.*

To prevail against the Union on their PERA claims, Plaintiffs must show both that (1) the GLWA "breach[ed the parties'] collective bargaining agreement" and (2) "the [U]nion breached its duty of fair representation." *Chisolm*, 218 F.Supp.2d at 869. "The rationale for this rule is that the two constituent claims are interdependent-the first claim is anchored in the [GLWA's] breach of the collective bargaining agreement, the second claim is anchored in the [U]nion[']s failure to properly represent [Plaintiffs]." *Id.* "To determine if the Union breached its duty of

5

fair representation, [the Court] ask[s] whether the Union's conduct in representing [Plaintiffs] was arbitrary, discriminatory, or in bad faith." *Roeder v. American Postal Workers Union, AFL-CIO*, 180 F.3d 733, 738 (6th Cir. 1999). "Mere negligence on the part of a union does not satisfy this requirement. For liability to attach, [the Union's] conduct must be so far outside a wide range of reasonableness as to be irrational." *Id.* (internal citations and quotation marks omitted). Finally, a PERA claim must be filed within six months of the alleged unfair labor practice. *See* Mich. Compl. Laws § 432.216(a) ("[N]o complaint shall issue upon any unfair labor practice occurring more than 6 months prior to the filing of the Charge").

### III

In its motion for summary judgment, the Union argues, among other things, that (1) Plaintiffs' PERA claims are barred by PERA's six-month statute of limitations and (2) Plaintiffs cannot establish the second element of their PERA claims, namely that the Union breached its duty of fair representation. The Court agrees on both scores.

### A

Before turning to the merits of the Union's arguments, there is a separate and independent basis for granting the Union's motion: Plaintiffs have forfeited their PERA claims. Here, the Union filed a motion for summary judgment and supported that motion with record evidence. For example, the Union identified evidence in the

6

record that the claims brought by each remaining Plaintiff were not timely filed under PERA's six-month statute of limitations described above. (*See* Mot., ECF No. 77, PageID.3124-3129.)  The Union also argued, with references to both supporting case law and evidence in the record, that Plaintiffs had not presented, and could not present, evidence that the Union breached its duty of fair representation. (*See id.*, PageID.3130-3138.)  Plaintiffs responded to neither argument in their response to the Union's motion.  They did not identify any evidence in the record that could establish that their claims are timely, and they did not present evidence that the Union's actions were arbitrary, discriminatory, or in bad faith.

As the Sixth Circuit has explained, "[w]hen a litigant fails to address a claim in response to a motion for summary judgment, that claim is deemed abandoned or forfeited." *Bennett v. Hurley Medical Ctr.*, 86 F.4th 314, 324 (6th Cir. 2023).  That is exactly what has happened here.  By presenting no substantive response to the Union's arguments, Plaintiffs have abandoned and forfeited their PERA claims.[1] That alone justifies granting the Union's motion.

---

[1] The Court acknowledges that in one paragraph of Plaintiffs' response to the Union's motion, Plaintiffs contend that they "gathered additional documents to support their [PERA] claims." (Resp., ECF No. 79, PageID.3518.)  And Plaintiffs then cite the Court to several exhibits attached to their response that purportedly include those documents. (*See id.*)  But none of those documents appear responsive to the Union's summary judgment arguments as described above, and the Plaintiffs have not provided any explanation as to how the documents are relevant to the arguments before the Court.  Simply put, the Court does not regard the attachment of documents, unaccompanied by any explanation concerning how the documents

Instead of providing any substantive response to the Union's motion for summary judgment, Plaintiffs argue that the Court should not consider the motion at all because it is "premature." (Resp., ECF No. 79, PageID.3514.) Plaintiffs say that the motion is "untimely and inappropriate" because at the time the motion was filed, a motion by the GLWA to confirm the arbitrator's Award was pending before the Court. (*Id.*) Plaintiffs seem to suggest that the Union should not have moved for summary judgment on the PERA claims because that motion was somehow dependent upon the Court's resolution of the motion to confirm the Award. It was not.

The Union sought summary judgment on two grounds that had nothing to do with the Award, and thus there was no need for the Union to await a ruling on the motion to confirm the Award before filing its motion for summary judgment. Here's why the motion to confirm the Award was unrelated to the Union's motion for summary judgment. As noted above, in the Award, the arbitrator dismissed (as untimely) Plaintiffs' claims that the GLWA breached the collective bargaining agreement. But the Union's motion for summary judgment did not depend on whether the arbitrator had correctly dismissed the contract claims *against the GLWA* (a different party). Instead, as noted above, the Union argued that it was entitled to

---

relate to the Union's summary judgment arguments, as a response to the Union's request for summary judgment.

summary judgment because (1) Plaintiffs' claims *against the Union* were untimely and (2) Plaintiffs had failed to show that *the Union's conduct* was arbitrary, discriminatory, or in bad faith.  These arguments, if correct, would have entitled the Union to summary judgment even if the arbitrator had erred in ruling that Plaintiffs' separate claims against the GLWA should be dismissed.  Simply put, whether the Union was entitled to summary judgment on the bases set forth in its motion did not turn on any issue decided by the arbitrator in the Award or before the Court in the motion to confirm the Award.  Thus, the Union properly moved for summary judgment even though the motion to confirm the Award was pending.

Finally, taking up the Union's motion for summary judgment now is proper because Plaintiffs have had a full and fair opportunity to conduct discovery. Plaintiffs have not shown otherwise.  They have not submitted a declaration under Federal Rule of Civil Procedure 56(d) outlining the discovery they have been unable to take and still need. *See* Fed. R. Civ. Proc. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order").  Plaintiffs thus have no basis to complain about a lack of discovery.

9

For all of the reasons explained above, Plaintiffs have forfeited their PERA claims, and the Union is entitled to summary judgment on that basis alone.

## B

Even if Plaintiffs had not forfeited their PERA claims, the Union would still be entitled to summary judgment.

## 1

The Court begins with the Union's statute of limitations argument. As explained above, a claim under the PERA must be filed within six months of the alleged unfair labor practice. *See* Mich. Compl. Laws § 423.216(a). "If the alleged breach of duty occurs in the grievance procedure, then a claim accrues …when the claimant discovers, or, in the exercise of reasonable diligence, should have discovered the acts which constitute the alleged violation." *Berry v. United Auto. Aerospace and Agr. Implement Workers of Am.*, 1986 WL 15570, at *2 (E.D. Mich. Oct. 31, 1986). *See also McCluskey v. Womack*, 470 N.W.2d 443, 445 (Mich. App. 1991) ("The six-month limitation period begins to run from the time a final decision regarding the employees' grievance has been made or from the time the employees discovered, or in the exercise of reasonable care should have discovered, that no further action would be taken with respect to their grievance"). If the identified unfair practice arises from a union's negotiations of a labor contract, that six-month

10

period begins to run from the date the contract was ratified. *See Berry*, 1986 WL 15570, at \*3.

Here, Plaintiffs filed this action on April 22, 2021. (*See* Compl., ECF No. 1.) Thus, any claims that accrued prior to October 22, 2020, would not be timely. In its motion, the Union has presented evidence that for each of the remaining Plaintiffs, their claims accrued before (and in most cases, well before) October 22, 2020. For example, the Union presented evidence that:

- The relevant collective bargaining agreement was ratified in April 2019. (*See* ECF Nos. 34-2, 34-3.) Thus, any claim based on a shortcoming in connection with the negotiation of that agreement would have accrued in October 2019.

- With respect to Plaintiff Garza, she said that she was aware of alleged "racial, age, and general discrimination" regarding her pay and advancement as early as June 8, 2018; she claimed that the Union "always knew" about that discrimination but took no action; and she acknowledged that the only grievance she filed with the Union regarding her pay was dated February 22, 2017. (*See* ECF No. 77-2, PageID.3144-3148; ECF No. 77-3, PageID.3238.)

- With respect to Plaintiff Kimbrough, the Union served him with a discovery request in which it asked him to identify when he became aware

11

that the Union allegedly failed to bargain on his behalf and/or failed to
address his grievances about the conduct of the GLWA, but he failed to
respond. (*See* ECF Nos. 77-15, 77-16.)

- With respect to Plaintiff Robinson Sr., he said that he became aware of the
alleged "discriminatory practices" referenced in the Complaint in "June
2020" and informed the Union about that conduct in "August 2020." (ECF
No. 77-4, PageID.3315-3316.)

- Finally, as to Plaintiff Davis, he responded in discovery that the latest he
raised complaints with the Union regarding "issues" at the GLWA was
October 15, 2020. (ECF No. 77-17, PageID.3462.)  Davis also said that he
brought complaints to the Union about workplace suspensions that were
levied against him, but those suspensions took place in 2018 and August
2020 respectively. (*See id.)*

All of this evidence supports the Union's contention that Plaintiffs' claims
accrued more than six months before Plaintiffs filed this action.  And, as noted
above, in response, Plaintiffs have not produced any counter-evidence that could
create a genuine issue of material fact about when their claims accrued for purposes
of the PERA's statute of limitations.  Indeed, Plaintiffs have not identified any
evidence that any event that could give rise to their claims against the Union

12

occurred within six months of the filing of this action.  Accordingly, Plaintiffs'

claims are time barred.

**2**

Plaintiffs' claims also fail on the merits.  As explained above, in order to show

that the Union breached its duty of fair representation, Plaintiffs would need to

establish that the Union's conduct was arbitrary, discriminatory, or in bad faith.  *See*

*Roeder*, 180 F.3d at 738.  To show that a Union's conduct was arbitrary, a plaintiff

"has the difficult task of showing that the union's actions were wholly irrational."

*Garrison v. Cassens Transport, Co.*, 334 F.3d 528, 538-39 (6th Cir. 2003) (internal

quotation marks and citation omitted).

Plaintiffs have not met that demanding standard here.  In the Union's motion,

the Union identified evidence that it (1) filed group grievances on behalf of its

members (including Plaintiffs) related to disparities in pay, shift premiums,

involuntary transfers, and merit pay (*See* ECF No. 77-6); (2) successfully negotiated

resolutions related to those issues (*see* ECF No. 77-7); and (3) represented Plaintiff

Davis in proceedings related his suspensions and discharges from the GLWA (*see*

ECF Nos. 77-12, 77-19.)   And in response, Plaintiffs have not identified any

evidence that could show that any of those actions – or any other actions or omissions

by the Union – were arbitrary, discriminatory, or taken in bad faith.  All Plaintiffs

have done is rely on the conclusory allegations in their Second Amended Complaint.

13

But they have not come forth with any actual evidence that could create a genuine issue of material fact for trial on this element of their PERA claims.

IV

For all of the reasons explained above, the Union's motion for summary judgment (ECF No. 77) is **GRANTED**.  As this Order resolves the last pending claims in this action, this case is now **CLOSED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 3, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 3, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126